IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
DELTA DIVISION

**CHARLES E. ALEXANDER/RYAHIM, JR.**                              **PLAINTIFF**
**ADC #111057**

V.                        NO. 2:22-cv-00178-BSM-ERE

**JOHNSON,** *et al.*                                             **DEFENDANTS**

### RECOMMENDED DISPOSITION

**I.   Procedure for Filing Objections:**

This Recommendation has been sent to United States District Judge Brian S. Miller. You may file objections if you disagree with the findings or conclusions set out in the Recommendation. Objections should be specific and include the factual or legal basis for the objection.

Objections must be filed within 14 days. If you do not object, you risk waiving the right to appeal questions of fact. If no objections are filed, Judge Miller can adopt this Recommendation without independently reviewing the record.

**II.  Discussion:**

Plaintiff Charles E. Alexander/Ryahim, Jr., an Arkansas Division of Correction ("ADC") inmate, filed this federal civil rights lawsuit *pro se* under 42 U.S.C. § 1983.[1] *Doc. 1*. Mr. Alexander/Ryahim originally filed a 39-page complaint

---

[1] Mr. Alexander/Ryahim is considered a "three striker" under 28 U.S.C. § 1915(g). Therefore, he is not eligible to proceed *in forma pauperis* unless he is in imminent danger of serious

including multiple attachments. Many of the pages are illegible because Mr. Alexander/Ryahim has written over, crossed out, or drawn over his original allegations. *Doc. 1*. In addition, the claims in the complaint are made in such a vague manner that it is difficult to even identify the proposed claims.

On December 12, 2022, the Court entered an Order notifying Mr. Alexander/Ryahim of the flaws in his complaint. However, rather than dismiss the case at that time, the Court postponed the screening process mandated by 28 U.S.C. § 1915A[2] to give Mr. Alexander/Ryahim an opportunity to file an amended complaint clarifying his constitutional claims. *Doc. 21*.

To date, Mr. Alexander/Ryahim has not filed an amended complaint clarifying his constitutional claims, and the time to do so has passed. For the reasons previously explained to Mr. Alexander/Ryahim (*Doc. 21*), his current pleading (*Doc. 1*) fails to state a plausible constitutional claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that "labels and conclusions," a "formulaic

---

physical injury. Because Mr. Alexander/Ryahim's complaint did not allege that he was in imminent danger, the Court ordered him to file the $402.00 statutory filing fee within thirty days to proceed with this lawsuit. *Doc. 3*. On November 3, 2022, Mr. Alexander/Ryahim paid the statutory filing fee. *Doc. 18*.

[2] The Prison Litigation Reform Act requires federal courts to screen prisoner complaints, and to dismiss any claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a) & (b). When making this determination, a court must accept the truth of the factual allegations contained in the complaint, and it may consider documents attached to the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Reynolds v. Dormire*, 636 F.3d 976, 979 (8th Cir. 2011).

recitation of the elements of a cause of action," and "naked assertions devoid of further factual enhancement" are insufficient to plead a § 1983 claim; and instead, a prisoner must set forth "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face").

### III.  Conclusion:

IT IS THEREFORE RECOMMENDED THAT:

1. Mr. Alexander/Ryahim's case be DISMISSED, without prejudice, based on his failure to state a plausible constitutional claim for relief.

2. The Clerk be instructed to close this case.

3. In the future, this dismissal be considered a "strike" for purposes of 28 U.S.C. § 1915(g). And an *in forma pauperis* appeal of this dismissal would be frivolous and not taken in good faith.

Dated this 7th day of February, 2023.

_____
UNITED STATES MAGISTRATE JUDGE